IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 9, 2000 Session

**TRACI SORRELLS v. DONALD LEE SORRELLS**

**Direct Appeal from the Juvenile Court for Bradley County**
**No. J-7822     C. Van Deacon, Jr., Judge**

**FILED OCTOBER 5, 2000**

**No. E1999-01658-COA-R3-CV**

---

CHARLES D. SUSANO, JR., J., concurring.

I agree with the majority that the trial court's "determination that parental rights should be terminated must be reversed and the cause dismissed." However, I would base the Court's decision on a matter-of-law determination that the appellee, who is not attempting to facilitate an adoption of the subject child in or through this proceeding, lacks standing to seek a termination of her former husband's parental rights.

In T.C.A. § 36-1-113(b), those who have standing to file a termination-of-parental rights petition are identified as follows:

> The prospective adoptive parent(s) of the child, any licensed child-placing agency having custody of the child, the child's guardian ad litem, a court appointed special advocate (CASA) agency, or the department [of children's services]...

Since the appellee does not fall within any one of the categories set forth in the statute, I would hold that she did not have standing to file the petition in the instant case. *Cf. **Winterroth v. Winterroth***, 1995 WL 689735 (Tenn. Ct. App. E.S., filed November 22, 1995) (holding under the prior statute that a father in post-divorce litigation was not entitled to a judgment terminating his former wife's parental rights).

I recognize that the appellant did not raise the issue of standing; however, I believe this is a fundamental issue that should be addressed even though not raised as an issue in the briefs. *See* Tenn. R. App. P. 13(b).

Accordingly, I concur for the reason stated.


_____
CHARLES D. SUSANO, JR., JUDGE